**COLVERT v. UNITED STATES**
(two cases).

Civ. 2898, 2899.

United States District Court
E. D. Oklahoma.

Nov. 16, 1951.

674

Otey, Johnson & Evans, Ardmore, Okl., for plaintiffs.

Francis Stewart, Asst. U. S. Atty., Muskogee, Okl., and Benjamin H. Pester, Special Asst. to Atty. Gen. of the U. S., for the defendant.

RICE, Chief Judge.

1. These suits are brought to recover income taxes paid by the plaintiffs for the years 1945 and 1946, based solely on the refusal of the Commissioner to allow and treat the transaction with respect to the elimination of breeding herd animals from the breeding herd as reported in the income tax return of Colvert Ranch, a partnership, as long term capital asset transactions within the purview of 117(j) Internal Revenue Code, 26 U.S.C.A. § 117(j).

2. The court finds the facts to be true as admitted by the pleadings and the stipulation of the parties.

3. During the years 1945 and 1946 Colvert Ranch was engaged in the business of breeding cattle and raising calves to be sold in the year in which they were born and raised to livestock purchasers. This was the primary business of said partnership. It was carried on in substantially the following manner: For the purpose of raising such calves the partnership maintained a herd of cows, bulls, nurse cows, and heifers for the purpose of breeding and producing calves. This herd, which is designated as the breeding herd, consisted of both registered cattle and grade cattle. The herd was maintained and attempted to be maintained at between 600 and 630 animals. The registered cattle were obtained and used for the primary purpose of breeding and producing bulls and heifers for the improvement and betterment of the herd. The calf crop for sale each year was from the unregistered or graded portion of the herd and was sold on contract for future delivery. Such calves were born in January or February and were sold in June or July for delivery in October of the same year. The calves that were not sold were retained for replacement purposes and placed in the breeding herd. The animals in the breeding herd were not for sale in the ordinary course of business but were held for breeding purposes. When animals were unfit to be retained in the breeding herd because of injury or disease, or on account of failing to conform to the blood lines sought to be established, or because of lack of promise to become good breeders, or on account of the surplus of the type of animals involved, or for other purposes and their disposal was considered for the benefit of the breeding herd, such individual animals were from time to time sold out of the breeding herd.

4. (a) During the year 1945, 106 animals listed in the inventory of the breeding herd of such partnership at the end of 1944 were sold during the calendar year 1945 for the reasons set out in the preceding Finding of Fact, except one animal, which was killed. Each of said animals sold was an animal from the breeding herd whose retention in the breeding herd was no longer considered profitable or its keeping for the best interest of such breeding herd.

(b) During the year 1946, the partnership disposed of, from the breeding herd, 52 animals which were inventoried in said breeding herd at the end of the year 1945 and at the beginning of the calendar year 1946. Each of said animals was a part of the breeding herd and held for breeding herd purposes. All of said animals so disposed of were sold, except one, which died. Each of said animals sold was an animal in the breeding herd whose retention in the breeding herd was no longer considered profitable or its retention for the best interest of said breeding herd.

(c) Each of said animals so disposed of from the breeding herd was an animal that was primarily acquired and which was held

and used as a part of the breeding herd. All bulls sold had been used for service in the herd. A list of such animals as evidenced by plaintiffs' Exhibit 1 and Exhibit 2 is hereby adopted with the information thereon as a part of this Finding of Fact.

5. The tax herein sought to be recovered was assessed on the basis of the Revenue Agent's report which was dated November 15, 1948; therein the Government recognized as a basis on which the tax was assessed that the Colvert Ranch maintained a breeding herd; that at the commencing of the year 1945 it consisted of 628 animals; that at the commencing of the year 1946 it consisted of 623 animals; that at the end of 1946 it consisted of 603 animals; that the animals claimed to have been in the breeding herd of Colvert Ranch and disposed of as specified in plaintiffs' Exhibit 1 and Exhibit 2 in 1945 and 1946 respectively, were in the Colvert Ranch breeding herd at the commencement of the respective years 1945 and 1946; that it was recognized by the Government that such breeding herd was a breeding herd, the members of which were subject to treatment with respect to disposal under the provisions of section 117(j) of the Internal Revenue Code; that the Government recognized the sale from the breeding herd in 1945 as capital transactions under section 117(j) of five grade cows and in 1946 of twenty grade cows; such transactions are among the transactions reflected on plaintiffs' Exhibit 1 and Exhibit 2. These specific transactions were allowed because the breeding herd was reduced respectively by that number of grade animals in such years; the other dispositions of animals from such breeding herd were disallowed as capital transactions solely because the breeding herd was not reduced numerically to an extent sufficient to include their disposal.

### Conclusions of Law

1. The court concludes as a matter of law that this court has jurisdiction herein.

2. The transactions with respect to the breeding herd animals described in the foregoing Findings of Fact were capital transactions within the purview of 117(j), Internal Revenue Code and were disposals of property subject to allowance for depreciation which were held for more than six months prior to its sale or other disposition and of property not includable in the inventory of the partnership of property being held for sale in the ordinary course of business. Albright v. United States, 8 Cir., 173 F.2d 339; United States v. Bennett, 5 Cir., 186 F.2d 407.

3. The Commissioner erred in assessing the deficiency taxes paid by the plaintiffs herein.

4. Judgment should be rendered for the plaintiffs for the full amount sued for in each case.

Attorneys for the plaintiffs will prepare appropriate decrees in conformity with the foregoing Findings of Fact and Conclusions of Law and present the same to the court for signing and entering at Muskogee, Oklahoma, on November 30, 1951, at 9:30 A.M.

In the event the formal decrees are approved by opposing counsel, the same may be mailed to the court for entering without the appearance of the attorneys.